UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANILO GUERRA PUPO,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                    Respondents. | Case No.:  25-cv-3448-JO-VET<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS** |

For the reasons stated on the record, the Court GRANTS the petition for writ of habeas corpus. [Dkt. 1] The Court ORDERS as follows:

1. Respondents SHALL release Petitioner from custody on the same conditions of his previously existing humanitarian parole, with no additional conditions beyond those, by 12 p.m. on December 17, 2025, and file an affidavit attesting to Petitioner's release by 5 p.m. the following business day.

2. Respondents SHALL NOT re-detain Petitioner during the pendency of his removal proceedings (until a final order of removal is issued) on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention.

3. The Court ORDERS, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for re-detention and a due process hearing before a neutral immigration judge where the Government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). Respondents SHALL NOT deny release on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention. If continued detention is not warranted, the immigration judge must consider Petitioner's financial circumstances and alternatives to bond in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. Respondents SHALL file advance notice on this docket if they seek to re-detain Petitioner during the pendency of his removal proceedings, explaining the grounds on which Respondents believe Petitioner should be re-detained. *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (recognizing the AWA empowers federal courts to impose affirmative obligations on parties or third parties where "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained"). Once that notice has been docketed,

Petitioner SHALL NOT be detained for at least 48 hours from the time of docketing.

**IT IS SO ORDERED**.

Dated: December 16, 2025

_____
Honorable Jinsook Ohta
United States District Judge